

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AROLDO ISAIAS HERNANDEZ, AKA Jose Natividad Ontiveros-Gomez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 13-71356 <br><br> Agency No. A073-413-655 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2016
Seattle, Washington

Before: PAEZ and BYBEE, Circuit Judges, and TIGAR,[**] District Judge.

Petitioner Aroldo Isaias Hernandez, a citizen of Mexico, appeals the Board

of Immigration Appeals' ("BIA") denial of his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). On

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

appeal, Hernandez argues that the BIA erred in finding that he does not have a well-founded fear of future persecution if he is removed to Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

We review legal questions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). The BIA, citing our opinion in *Castro-Martinez v. Holder*, 674 F.3d 1073 (9th Cir. 2011), *overruled in part by Bringas-Rodriguez*, 850 F.3d 1051, held that Hernandez did not establish a well-founded fear of future persecution because the 2010 U.S. Department of State Human Rights Report for Mexico

> indicates that Mexican society increasingly accepts homosexual behavior, that Mexico's supreme court ruled that all states are required to recognized [sic] homosexual marriages, that the law prohibits discrimination on the basis of sexual orientation, and that women and men were given equal access to diagnostic services and treatment for HIV.

But since the BIA's decision, we have made clear that *Castro-Martinez* "falsely equated legislative and executive enactments prohibiting persecution with on-the-ground progress." *Bringas-Rodriguez*, 850 F.3d at 1075.

We grant the petition so that the BIA can, in the first instance, apply this court's newly enunciated law to determine whether Hernandez is likely to face persecution. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 (9th Cir. 2004).

2

The petition for review is **GRANTED**.